## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CV-23894-MIDDLEBROOKS

XIAOYUN CHEN, PEIXUAN WANG, HEZHANG
CHEN, YANG ZHAO, DONGLIN GU, JIALIN HAN, WEN
SHEN, YI GAO, LIJUAN FAN, DEXIONG HU, WEN ZHANG,
XIUQING WANG, TIANJUN LI, M.T. NGUYEN,
NGOC THI DO, YONGLIANG HUANG,
KONSTANTIN GALKIN, HUONG
THI THU NGUYEN, RUIHONG JU,
themselves, and derivatively, as limited
partners of, and on behalf of, Royal
Palm Town Center IV, LLLP,

   *Plaintiffs,*

v.


JOSEPH J. WALSH, SR., an individual; SOUTH
ATLANTIC REGIONAL CENTER, LLC, a Florida
limited liability company; ROYAL PALM
DEVELOPMENT I, LLC, a Florida limited liability
company; USREDA HOLDINGS, LLC, a Florida
limited liability company; JJW CONSULTANCY, LTD.,
a foreign company; and CONNECT INSURANCE
GROUP, INC., a Florida company,

   *Defendants.*


v.

ROYAL PALM TOWN CENTER IV, LLLP,

   *Nominal Defendant.*

1

**PLAINTIFFS' RENEWED MOTION FOR DEFAULT FINAL JUDGMENT
AGAINST DEFENDANT CONNECT INSURANCE GROUP, INC.**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiffs Peixuan Wang, Hezhang Chen, Donglin Gu, Jialin Han, Wen Shen, Yi Gao, Yongliang Huang, Tianjun Li (the "Investor Plaintiffs" or the "EB-5 Victims"), and Royal Palm Town Center IV, LLLP (the "Partnership Plaintiff") (collectively, the Investor Plaintiffs and the Partnership Plaintiff will be referred to as the "Plaintiffs"), by and through their undersigned counsel hereby renew their Motion for Default Final Judgment (the "Motion") against Defendant Connect Insurance Group, Inc. ("CIG" or "Defendant") on the Nineteenth Cause of Action, a derivative claim on behalf of the Partnership Plaintiff for Unjust Enrichment and submit this motion (the "Renewed Motion").

## I.    BRIEF FACTUAL BACKGROUND

1.    The Investor Plaintiffs each invested $500,000 (plus administrative and legal fees for legal immigration services) in exchange for a limited partnership interest in the Partnership. The Partnership would then loan the funds to a job-creating entity, Royal Palm Development I, LLC ("RPD"), which in conjunction with funds of other EB-5 investors, would fund the purchase, construction, renovation, and leasing of sixty commercial condominium units within the Royal Palm Town Center Plaza located at 9200 Belvedere Rd, West Palm Beach, FL 33411 (the "Property").

2.    Plaintiffs were told that the commercial units would be leased to Connect Insurance Group, Inc. ("CIG"), an insurance company purportedly relocating from Texas to Florida. Plaintiffs were informed orally and in writing that a ten-year lease agreement with CIG had already been secured.

3.    Instead, as Plaintiffs discovered much later, RPD transferred $9,132,389.21 to Defendant CIG, its purported commercial tenant. At the time, CIG was under the control of Jeremy

Pool, Alicia Pool, Steven Dunkle, and Aniko Dunkle. While, being a tenant, CIG should have been the one paying rent, the funds inexplicably flowed in the opposite direction. CIG never completed the requisite capital build-out of the commercial unit. Instead, it terminated the lease agreement and vacated the premises. Because the commercial units remained largely vacant and unimproved, Plaintiffs' I-829 petitions (the "I-829s") were denied for failure to establish job creation as required.

4.      On September 20, 2018, Investor Plaintiffs along with other defrauded EB-5 investors, brought an action against Defendants Walsh, RPD, South Atlantic Regional Center LLC ("SARC"), United States Regional Economic Development Authority, LLC ("USREDA"), JJW Consultancy, LTD. ("JJW"), and Defendant CIG. [ECF 1].

## II.      PROCEDURAL HISTORY

5.      On September 28, 2018, Defendant CIG was dissolved and essentially abandoned by its controlling persons.  Defendant CIG's response to the First Amended Complaint (the "FAC") was therefore due on March 7, 2019, however it has failed to file an answer or otherwise respond to the FAC.

6.      On May 31, 2019, Investor Plaintiffs finally took control of the Partnership for diligence and litigation purposes, after Honorable Judge Middlebrooks signed an order appointing some of them as members of Town Center's general partner. Having assumed control of the Partnership, Investor Plaintiffs hired forensic and investigative consulting firm Kapila Mukamal LLP to conduct a review of the Partnership's complex financial accounts to uncover the truth.

7.      On September 9, 2020, after Plaintiffs filed the Motion, Kapila Mukamal LLP concluded its investigation and released the report (the "Forensic Expert Report") which identified

"Connect Insurance Group" as the transferee of $9,132,389.21 in stolen funds. *See Exhibit "1"* annexed hereto.

8.      On April 3, 2020, a Clerk's Default was entered against Defendant CIG for failure to appear, answer or otherwise plead to the complaint filed herein within the time required by law [ECF 80].

9.      On November 22, 2019, the bankruptcy trustee for 160 Royal Palm, LLC, filed an involuntary petition for relief against CIG under Chapter 11, Title 11, of the United States Code, 11 U.S.C. §§ 101 et seq. in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Code"), Case No. 19-25767-EPK.

10.      On March 26, 2020, Plaintiffs filed the Motion for Default Judgment against all Defendants. *See* ECF 109. Given the Suggestion of Bankruptcy, the matter against CIG was stayed on November 22, 2019. While the Suggestion of Bankruptcy was only filed with the court on July 16, 2020, by Drew Dillworth in his capacity as Chapter 7 Trustee of the bankruptcy estate of CIG, all of CIG's property became subject to the jurisdiction of the Bankruptcy Court by virtue of the bankruptcy filing as of November 22, 2019. *See* ECF 118.

11.      Judge Middlebrooks denied the Motion for Default Judgment as to Defendants CIG, SARC, and USREDA, stating that pursuant to the Bankruptcy Code's automatic stay provision, he stayed this case as to those Defendants on July 30, 2020, and that the stay has not yet been lifted. *See* ECF 124.

12.      On March 8, 2021, the court entered a final judgment against Defendant Walsh on the fraudulent misrepresentation claim, ordering him to pay damages in the amount of $26 million to the Partnership Plaintiff. *See* ECF 139. The case was closed on the same day. *See* ECF 140.

13.     On June 7, 2022, the United States Bankruptcy Court for the Southern District of Florida entered a final decree closing Defendant CIG's bankruptcy proceeding. While the bankruptcy proceeding revealed that CIG had no assets, according to the Forensic Expert Report, CIG received $9,132,389.21 of the Partnership's funds, virtually all of which could be traced to EB-5 investors.[1]

14.     On June 2, 2023, Plaintiffs filed a motion to reopen the case against Defendant CIG because the bankruptcy case that was preventing Plaintiffs from proceeding on their claim against Defendant CIG has been closed. *See* ECF 141. On September 21, 2023, this Court granted Plaintiffs' motion and reopened this case.

15.     Plaintiffs now renew their Motion for Default Final Judgment against Defendant Connect Insurance Group, Inc. on Nineteenth Cause of Action, a derivative claim on behalf of the Partnership Plaintiff for Unjust Enrichment.

### III.     MEMORANDUM OF LAW

#### A. Legal Standard for Entry of Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgment against a defendant that fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). The factual allegations of a complaint are deemed admitted by the entry of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 360 (11th Cir. 1987); *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When a defendant fails to defend an action and a default has been entered, his liability as alleged in the complaint, and the propriety of the relief sought, is deemed established. *See Buchanan*, 820 F.2d at 360. Nevertheless, "before entering a default

---

[1] The Motion identified the amount received by CIG as "more than $9 million," as the complete calculation was not available to Plaintiffs prior to the release of the Forensic Expert Report in September 2020.

judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Consistent with these standards, and as set forth below, the factual allegations pleaded in the FAC are legally sufficient to state Plaintiffs' claims against Defendant CIG for unjust enrichment. Additionally, Plaintiffs submit the Forensic Expert Report in support of this Renewed Motion, which is attached as *Exhibit "1"* and was not previously filed with Plaintiffs' original motion for default judgment as the expert's investigation has not been concluded at the time. Considering the admitted allegations and undisputed exhibits, Plaintiffs are entitled to a default judgment against Defendant CIG on their claim for Unjust Enrichment as requested in this Renewed Motion.

### B. Plaintiffs are Entitled to Default Judgment on Their Unjust Enrichment Cause of Action

Plaintiffs' First Amended Complaint sufficiently states facts to support their cause of action against Defendant CIG for unjust enrichment. To state a claim for unjust enrichment, Plaintiffs must allege that: "(1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." *A & J Med. Cntr., Inc.*, 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015) (citing *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012)).

In the First Amended Complaint, Plaintiffs have properly alleged a derivative claim on behalf of the Partnership for Unjust Enrichment against Defendant CIG. *See* ECF No. 52 at ¶¶ 226-

229. RPD conferred a benefit on Defendant CIG when it made transfers to Defendant CIG in the amount of $9,132,389.21, all of which were derived from the investors' investments into the Partnership, including Investor Plaintiffs' investments. *See id.* at ¶¶ 70 and 226.

Defendant CIG had knowledge of the benefit it received from RPD as a result of the $9,132,389.21in transfers and voluntarily accepted and retained the benefit conferred. *See id.* at ¶ 227.

Further, Defendant CIG, the single commercial tenant from which the jobs were supposed to be created (for purposes of the Plaintiffs' EB-5 proceedings), did not renovate or make improvements to the commercial units as agreed and cancelled the lease agreement in 2016, and that RPD failed to make any loan payments to the Partnership, failed to record the loan with a mortgage on the commercial units in favor of the partnership, otherwise failed to protect Plaintiffs' investments, and failed to make any payments to the Partnership, instead making the unauthorized transfers in the amount of $9,132,389.21 to Defendant CIG. *See id.* at ¶ 70.

In addition, it is inherently unfair and inequitable that the funds of Plaintiffs defrauded in Defendants' fraudulent scheme are retained by and used to personally benefit Defendant CIG, rather than being returned to the Partnership for the benefit of Plaintiffs and the other defrauded investors. *See id.* at ¶ 228. Finally, as a direct and proximate result of Defendant CIG's retention of $9,132,389.21 that RPD fraudulent transferred to Defendant CIG, Plaintiffs' ability to recover their investments from the Partnership and to obtain their permanent residency has been diminished and, under the circumstances, equity dictates that Defendant CIG should return the funds it received from RPD, and any assets it may have acquired with those funds, to the Partnership for the benefit of all of the defrauded investors, including Plaintiffs. *See id.* at ¶ 229.

Therefore, because Defendant CIG has failed to contest or otherwise respond to any of the foregoing allegations set forth in the First Amended Complaint, Plaintiffs, in a derivative capacity, as limited partners of, and on behalf of, the Partnership, are entitled to a judgment against Defendant CIG for compensatory damages, interest, and costs.

## IV.   CONCLUSION

For the reasons explained, Plaintiffs are entitled to a default judgment in their favor on their claim for Unjust Enrichment against Defendant Connect Insurance Group, Inc. Pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the Southern District of Florida, a proposed order granting this Renewed Motion is annexed hereto as *Exhibit "2."* See S.D. Fla. L. R. 7.1(a)(2).

Accordingly, Plaintiffs request a default judgment as follows:

1. Judgment be entered in favor of Partnership Plaintiff and against Defendant Connect Insurance Group, Inc. on Count XIX of Plaintiffs' First Amended Complaint.

2. Judgment be entered in favor of Partnership Plaintiff and against Defendant Connect Insurance Group, Inc., awarding Partnership Plaintiff compensatory damages in the total amount of $9,132,389.21 as compensation for Defendant Connect Insurance Group, Inc.'s unjust enrichment, plus post-judgment interest at the statutory rate, and Plaintiffs' attorneys' fees and costs incurred in connection with pursuing this claim against Defendant Connect Insurance Group, Inc., which amount shall be determined upon consideration of Plaintiffs' counsel's fees and costs in a subsequent order to be entered by this Court.

3. Any other relief the Court deems appropriate.

Dated: October 16, 2023

Respectfully Submitted,

/s/ *Tatiana Baranova*
Tatiana Baranova
**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
1395 Brickell Avenue, Suite 800
Miami, FL  33131
Florida Bar No. 1030880
Email:      tbaranova@rcornishlaw.com
Tel:         (305) 735-3450
Fax:         (571) 290-0652

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that October 16, 2023, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.

/s/ *Tatiana Baranova*
Tatiana Baranova